IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melvin Beam, ) | C/A No. 7:14-888-TMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Elizabeth P. Wiygul; James G. Bogle, Jr.; ) | |
| Jim Bogle; David Taylor, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Melvin Beam ("Plaintiff"), proceeding pro se, brings this civil action for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. It appears that Plaintiff is civilly detained in the Union County Jail, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

Background

Plaintiff alleges he is confined in the Union County Jail, and he has been denied access to the courts and is falsely imprisoned. Complaint [Doc. 1 at 2]. He alleges that he is suing: Elizabeth P. Wiygul, an attorney in Greenville, South Carolina; David Taylor, the Union County Sheriff; James G. Bogle, Jr., Senior Assistant Attorney General in the South Carolina Attorney General's Office; and, Jim Bogle, Assistant Attorney General in the same office. [Doc. 1 at 2–3.] Allegedly, Plaintiff has been falsely imprisoned in the Union County Jail by the Union County Sheriff since February 13, 2013, "without warrant or charges of any kind." [Doc. 1 at 4.] Plaintiff alleges James Bogle denied him access to court when he was scheduled for an evaluation on April 19, 2013, at M.U.S.C. in Charleston, South Carolina. [Doc. 1 at 3–4.] He alleges he has the right to appear before the court of common pleas in the county where the offense was committed after probable

cause. *Id.* He also alleges Jim Bogle held a motion to compel hearing on October 1, 2013, in York County to complete an evaluation at M.U.S.C., and he denied Plaintiff's access to court because Plaintiff was not permitted to appear before the court of common pleas in the county where the offense was committed. *Id.* Plaintiff alleges Elizabeth Wiygul, his court-appointed attorney, denied him access to court when "she did not speak for my constitutional right being violated after the determination of probable cause" and because she was involved with the evaluation scheduled at M.U.S.C. [Doc. 1 at 3.] Plaintiff seeks damages against Defendants, including $144.00 per day for false imprisonment after February 13, 2013. [Doc. 1 at 5.]

This Court takes judicial notice that on June 21, 2012, a case entitled *South Carolina v. Melvin Beam*, was filed in the Union County Court of Common Pleas, 2012 CP4400272; it is designated a "sexual predator" case, and it is pending. *See* Union Cnty. Sixteenth Judicial Circuit Pub. Index, http://publicindex.sccourts.org/Union/PublicIndex/PISearch.aspx, (enter "Melvin Beam," click on 2012CP4400272) (last visited March 31, 2014) ; *see also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In Plaintiff's state case, a probable cause order was filed on August 7, 2012; on November 28, 2012, an order for evaluation pursuant to the Sexually Violent Predator ("SVP") Act was filed; on December 12, 2013, the state filed a motion to compel cooperation with evaluation; and, on January 15, 2014, an order of contempt was entered.

*See* Union Cnty. Sixteenth Judicial Circuit Pub. Index, http://publicindex.sccourts.org/Union/PublicIndex/PISearch.aspx, (enter "Melvin Beam," click on 2012CP4400272, click "actions") (last visited March 31, 2014).

### Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear

failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The Complaint appears to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint is subject to summary dismissal based on the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), where it pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.*

Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

Thus, the Supreme Court ruled that until a criminal conviction is set aside any civil rights action based on the conviction and related matters will be barred. In a similar § 1983 case where the plaintiff sought damages based on his alleged unconstitutional confinement and he was civilly detained in a detention center as a result of an initial determination by a state court judge that he be held pending the required evaluation for the SVP program, this District Court summarily dismissed it based on *Heck v. Humphrey*. *See Haynesworth v. Cothran*, C/A No. 2:12-2466-CMC-BHH, 2012 WL 4753896, at *1–3 (D.S.C. Sept. 27, 2012), *adopted*, 2012 WL 4753893 (D.S.C. Oct. 4, 2012). This District Court explained:

> Even though the SVP commitment order of which Plaintiff complains is *civil* in nature, rather than criminal, *see Michau v. Charleston Cty.*, 434 F.3d 725, 727–28 (4th Cir. 2006) (SVP's are not "prisoners" for PLRA purposes), the federal courts that have considered § 1983 claims relating to such procedures have ruled that *Heck v. Humphrey* and its "favorable termination" requirement also apply to civil rights challenges lodged against SVP orders, such as that asserted in Plaintiff's Complaint. *See Turner v. Johnson*, 466 F. App'x 214 (4th Cir. 2012); *see, e.g., Huftile v. Miccio–Fonseca*, 410 F.3d 1136, 1139–40 (9th Cir. 2005) (holding that *Heck* applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"); *Banda v. N.J. Special Treatment Unit Annex*, 164 F. App'x 286, 287 (3rd Cir. 2006) (unpublished opinion) (*Heck* barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"); *Talbot v. Loya*, No. 4:03CV3400, 2005 WL 2765131 at *2 (D.Neb. 2005) ("[t]he principles and objectives expressed in *Heck v. Humphrey* apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"); *Nelson v. Suire*,

5

> No. 4:09CV658 DDN, 2009 WL 1161609 at *2 (E.D.Mo. 2009) ( "*Heck* applies where a civil detainee challenges an SVP ["sexually violent predator"] determination in a suit for damages").

*Haynesworth*, 2012 WL 4753896, at *2. In accordance with *Haynesworth*, in the instant case where Plaintiff is civilly detained, *Heck v. Humphrey* bars Plaintiff's § 1983 action seeking damages based on his alleged unconstitutional confinement.[1] Until Plaintiff has his SVP commitment order set aside by way of appeal, habeas corpus, PCR, or otherwise, and because his allegations if true would necessarily invalidate his detention, he cannot bring suit against Defendants based on their involvement in his SVP process or continued civil detention. *Accord id.* at *3.

## Recommendation

Accordingly, it is recommended that the District Court dismiss this action *without prejudice* and *without issuance and service of process*. See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

March 31, 2014
Greenville, South Carolina

---

[1] *Heck v. Humphrey*, also bars Plaintiff's claim alleging denial of access to the courts because it is fully intertwined with and related to his SVP proceedings; he alleges he was denied access to state courts in order to challenge his SVP detention.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).